UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL RODRIGUEZ,<br><br>        Petitioner,<br><br>v.<br><br>RAUL LOPEZ; EDMUND G. BROWN, JR.,<br><br>        Respondent. | Civil No. 10cv02651 DMS (RBB)<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL [ECF NO. 3]** |

Petitioner Jose Miguel Rodriguez, a state prisoner proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas Corpus on December 22, 2010 [ECF Nos. 1, 5].[1] Rodriguez argues that the restitution fine imposed by the trial court violates the Eighth Amendment's prohibition against excessive fines, and constitutes an erroneous application of the sentencing guidelines. (See Pet. 6, 13-14, ECF No. 1.)

//

//

---

[1] Because Rodriguez's Petition is not consecutively paginated, the Court will cite to it using the page numbers assigned by the electronic case filing system.

1

10cv02651 DMS (RBB)

Petitioner filed this Request for Appointment of Counsel the same day [ECF No. 3].[2] In support of his request for attorney representation, Rodriguez asserts that he is incarcerated at California State Prison in Corcoran, California.[3] (Req. Appointment Counsel 1, ECF No. 3.) Also, he states that he is indigent and is unable to afford an attorney to represent him. (Id.) Rodriguez contends, "My total assets are $0 and my income is $0 per month." (Id.)

On January 6, 2011, this Court issued an Order Sua Sponte Substituting Respondent [ECF No. 7]. The Court ordered the Clerk of the Court to modify the docket to reflect "Matthew Cate, Secretary" as Respondent in place of "Raul Lopez" and "Edmund G. Brown, Jr." (Order 2, ECF No. 7.) Therefore, Matthew Cate is the only Respondent. (See id.)

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Nonetheless, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever "the court determines that the interests of justice so require . . . ." 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 2010); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir.

---

[2] The Court will also cite to Rodriquez's Request for Appointment of Counsel using the page numbers assigned by the Court's electronic case filing system.

[3] In his Notice of Change of Address filed December 29, 2010, it appears Petitioner was transferred to the Substance Abuse Treatment Facility in Corcoran, California, where he is currently incarcerated [ECF No. 4].

1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Unless an evidentiary hearing is required, a court's decision of whether to appoint an attorney is discretionary. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254 (West Supp. 2010).

"Indigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." Abdullah, 18 F.3d at 573 (citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986)).

Because these factors are useful in determining whether due process requires court-appointed counsel, they are considered to the extent possible based on the record before the Court. Rodriguez has sufficiently represented himself to date. He has

 1 | prepared and filed the following documents:  a fifty-six page
 2 | Petition [ECF No. 1], a declaration in support of a motion for
 3 | leave to proceed in forma pauperis [ECF No. 2], this Request for
 4 | Appointment of Counsel [ECF No. 3], and a notice of change of
 5 | address [ECF No. 4].  Rodriguez included six exhibits with the
 6 | Petition:  (1) the state trial court reporter's transcripts, (2)
 7 | the trial court's order denying Rodriguez's petitioner for writ of
 8 | habeas corpus, (3) the appellate court's order denying Rodriguez's
 9 | petition, (4) the state supreme court's order denying his
10 | petition, (5) the probation officer's report, and (6) a prison
11 | inmate statement report.  (Pet. 17, ECF No. 1)  Rodriguez filed
12 | all of these documents within a period that spanned one week, and
13 | there is no indication that anyone other than Petitioner drafted
14 | them.  The Court's docket reflects that Rodriguez has adequately
15 | represented himself.
16 |      From the face of the Petition, filed pro se, it appears that
17 | Rodriguez has a good understanding of this case and the legal
18 | issues involved.  The Petition contains a recitation of relevant
19 | facts with citations to the applicable exhibits.  (See id. at 6,
20 | 12-13.)  Rodriguez's Petition also includes legal argument and
21 | citations to case law and other supporting authority.  (See id. at
22 | 6, 14-15.)  The detail and clarity of the pleading is more than
23 | sufficient to competently present his claims.  Petitioner has not
24 | identified any particular circumstances that would make the
25 | appointment of counsel necessary at this time.  See Bashor, 730
26 | F.2d at 1234 (denying request for appointed counsel where
27 | petitioner thoroughly presented the issues in his petition and
28 | memorandum of law).

Moreover, "[t]he procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." Knaubert, 791 F.2d at 729 (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (holding pro se complaint to less stringent standard)). Rodriguez's Petition was pleaded sufficiently for this Court to direct Respondent to file an answer or other responsive pleading to the Petition [ECF No. 6]. The interests of justice do not require that Rodriguez receive attorney representation at this stage of the proceedings. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

"Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." Hoggard, 29 F.3d at 471 (citation omitted); McCann v. Armontrout, 973 F.2d 655, 661 (8th Cir. 1992); Travis v. Lockhart, 787 F.2d 409, 411 (9th Cir. 1986) (per curiam) (finding the district court did not abuse its discretion in denying the petitioner's request for appointment of counsel where the allegations were properly resolved on the state court record). Here, Rodriguez challenges the restitution fine imposed by the sentencing court and argues that it violates the Eighth Amendment's prohibition against excessive fines. (See Pet. 6, 13-14, ECF No. 1.) Specifically, he alleges that the trial court did not consider the mandatory factors of California Penal Code section 1202.4(c), such as Petitioner's future ability to pay, when imposing a restitution fine that exceeded the two hundred-dollar minimum. (Id. at 13.)

1  Rodriguez provided the Court with relevant documents and
2  transcripts from the state court record.  (See id. at 17.)  It
3  appears that the Court will be able to properly resolve the
4  allegations in the Petition on the basis of the record.  See
5  Travis, 787 F.2d at 411.
6       Indeed, the assistance that counsel provides is valuable.
7  "An attorney may narrow the issues and elicit relevant information
8  from his or her client.  An attorney may highlight the record and
9  present to the court a reasoned analysis of the controlling law."
10 Knaubert, 791 F.2d at 729.  But as the Ninth Circuit in Knaubert
11 noted, "[U]nless an evidentiary hearing is held, an attorney's
12 skill in developing and presenting new evidence is largely
13 superfluous; the district court is entitled to rely on the state
14 court record alone."  Id. (citing Sumner v. Mata, 449 U.S. 539,
15 545-57 (1981); 28 U.S.C. § 2254(d)).  If a court denies a
16 petitioner's request for appointment of counsel, the court will
17 draw an independent legal conclusion after informing itself of the
18 relevant law.  See id. (citing Miller v. Fenton, 474 U.S. 104, 113
19 (1985)).  "Therefore, the additional assistance provided by
20 attorneys, while significant, is not compelling."  Id.
21      If an evidentiary hearing is ordered, Rule 8(c) of the Rules
22 Governing Section 2254 Cases requires that counsel be appointed to
23 a petitioner who qualifies under 18 U.S.C. § 3006A(a)(2)(B).  Rule
24 8(c), 28 U.S.C. foll. § 2254; see Wood v. Wainwright, 597 F.2d
25 1054 (5th Cir. 1979).  Additionally, courts may appoint counsel
26 for the effective utilization of any discovery process.  Rule
27 6(a), 28 U.S.C. foll. § 2254.  "A habeas petitioner's interest in
28 release from illegal confinement undoubtedly is high.  However,

1  consideration of remaining factors leads to the conclusion that
2  due process does not require appointment of counsel when an
3  evidentiary hearing is not held." Knaubert, 791 F.2d at 729.
4      Here, Rodriguez has requested an evidentiary hearing in his
5  Petition. (Pet. 1, 14, ECF No. 1.) He argues that "[a]n
6  evidentiary hearing would be useful in assessing [his] present
7  financial status, as well as his ability to pay the restitution
8  fines." (Id. at 14.) Nonetheless, this request has not been
9  granted, and no evidentiary hearing is currently scheduled.
10 Additionally, at this time, it does not appear that discovery will
11 be necessary.
12     For the reasons stated above, the interests of justice do not
13 compel court-appointed representation, and Petitioner's Request
14 for Appointment of Counsel is **DENIED** without prejudice.
15     **IT IS SO ORDERED.**

17 DATED:  February 4, 2011                 _____
                                            Ruben B. Brooks
18                                          United States Magistrate Judge

19 cc:  Judge Sabraw
         All parties