1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   JOSE MIGUEL RODRIGUEZ,        )  Civil No. 10cv02651 AJB(RBB)
                                   )
12                  Petitioner,    )  **REPORT AND RECOMMENDATION**
                                   )  **GRANTING RESPONDENT'S MOTION**
13   v.                            )  **TO DISMISS AND ORDER DENYING**
                                   )  **EVIDENTIARY HEARING [ECF No.**
14   MATTHEW CATE, Secretary,      )  **13]**
                                   )
15                  Respondent.    )
     _____)
16

17        Petitioner Jose Miguel Rodriguez, a state prisoner proceeding

18   pro se and in forma pauperis, filed a Petition for Writ of Habeas

19   Corpus on December 22, 2010, pursuant to 28 U.S.C.A. § 2254 [ECF

20   Nos. 1, 5].[1]  Rodriguez argues that the restitution fine imposed by

21   the sentencing court violates the Eighth Amendment's prohibition

22   against excessive fines and deprives the Petitioner of his due

23   process rights.  (See Pet. 6, 12-14, ECF No. 1.)  Specifically,

24   Rodriguez contends that the sentencing court did not consider the

25   mandatory factors stated in California Penal Code section

26   1202.4(c), including his future ability to pay, when imposing a

27   _____

28        [1]  Because the Petition is not consecutively paginated, the
     Court will cite to it using the page numbers assigned by the
     electronic case filing system ("ECF").

                                    1                    10cv02651 AJB(RBB)

1  restitution fine that exceeded two hundred dollars.  (Id. at 13.)

2  On January 6, 2011, this Court issued an Order Sua Sponte

3  Substituting Respondent [ECF No. 7].  The Clerk of the Court was

4  ordered to modify the docket to reflect "Matthew Cate, Secretary"

5  as Respondent in place of "Raul Lopez" and "Edmund G. Brown, Jr."

6  (Order Sua Sponte Substituting Resp. 2, ECF No. 7.)  Consequently,

7  Matthew Cate is the only Respondent.  (See id.)

8       On February 22, 2011, Respondent Cate filed a Motion to

9  Dismiss Petition for Writ of Habeas Corpus, along with a Memorandum

10  of Points and Authorities and a Notice of Lodgments [ECF No. 13].[2]

11  Cate argues that the Petition should be dismissed with prejudice

12  because it is barred by the statute of limitations set forth in 28

13  U.S.C.A. § 2244(d).  (Mot. Dismiss Attach. #1 Mem. P. & A. 5, ECF

14  No. 13.)

15       Respondent filed a request seeking leave to file a supplement

16  to the Motion to Dismiss, which the Court granted [ECF Nos. 14-15].

17  On March 2, 2011, Respondent filed a Supplement to Motion to

18  Dismiss the Petition for Writ of Habeas Corpus [ECF No. 16].[3]

19  There, Respondent contends that the recent Supreme Court decision

20  in Walker v. Martin, __ U.S. __, 131 S. Ct. 1120 (2011), provides

21  further support for the dismissal of Rodriguez's Petition.  (See

22  Supplement Mot. Dismiss 1-3, ECF No. 16.)  Cate argues that the

23  Supreme Court found that California's time limitation for

24  applications for habeas corpus constitutes an adequate and

25

26       [2]  Respondent's initial motion to dismiss was stricken from
the record on February 17, 2011, because it lacked a hearing date
27  [ECF Nos. 11-12].

28       [3]  The Court will consider the arguments raised in both the
initial Motion as well as the Supplement.

1  independent state ground sufficient to bar federal habeas relief.

2  (Id. at 1-2.)  Therefore, Respondent alleges, Rodriguez is also

3  procedurally barred from bringing this claim.  (Id. at 3.)

4       Petitioner filed an Opposition to Motion to Dismiss Petition

5  for Writ of Habeas Corpus on March 21, 2011, addressing the

6  arguments raised in the Motion and in Respondent's Supplement.

7  [ECF No. 18].  On March 30, 2011, the Court found the Motion to

8  Dismiss suitable for resolution on the papers, pursuant to Civil

9  Local Rule 7.1(d)(1) [ECF No. 19].  Respondent Cate did not file a

10 reply.

11      The Court has reviewed the Petition, Respondent's Motion to

12 Dismiss and attachments, Respondent's Supplement to Motion to

13 Dismiss, and Petitioner's Opposition.  For the reasons stated

14 below, the Motion to Dismiss should be **GRANTED.**

15                    **I.   FACTUAL BACKGROUND**

16      On June 10, 2004, a jury found Rodriguez guilty of first

17 degree murder with the special circumstance that the victim was

18 murdered for the purpose of preventing her from testifying as a

19 witness in a criminal proceeding.  (Lodgment No. 1, People v.

20 Rodriguez, No. D044763, slip op. at 1 (Cal. Ct. App. Oct. 5, 2005);

21 see Pet. 6, ECF No. 1.)  On July 21, 2004, Rodriguez was sentenced

22 to life in prison, ten years for the special circumstance

23 allegation and one year for a firearm enhancement; in a separate

24 case, the state court also revoked his parole.  (See Lodgment No.

25 9, Rodriguez v. Adams, No. S181024 (Cal. filed Mar. 15, 2010)

26 (petition for writ of habeas corpus attachment at 1826-27).  The

27 superior court imposed a restitution fine of $10,000, pursuant to

28 California Penal Code sections 2085.5 and 1202.4(b).  (Id. at

3

1  1827.)  The court ordered Rodriguez to pay $3,926.84 in restitution

2  directly to the victim's family through the Victims Compensation

3  Program, pursuant to California Penal Code section 1202.4(f).

4  (Id.)  Judgment was entered on July 26, 2004.  (Lodgment No. 7,

5  Rodriguez v. Adams, No. D056703 (Cal. Ct. App. filed Feb. 2, 2010)

6  (petition for writ of habeas corpus attachment at 288-89).

## II.  PROCEDURAL BACKGROUND

8  Petitioner appealed the judgment of conviction.  On October 5,

9  2005, the California Court of Appeal for the Fourth District,

10  Division One, affirmed the conviction.  (Pet. 2, 34, ECF No. 1;

11  Lodgment No. 1, People v. Rodriguez, No. D044763, slip op. at 1,

12  19.)  On November 14, 2005, Rodriguez filed a petition for review

13  with the California Supreme Court, and on January 18, 2006, the

14  court summarily denied the petition.  (Lodgment No. 2, People v.

15  Rodriguez, No. SD2004DA1094 (Cal. filed Nov. 14, 2005) (petition

16  for review at 1); Lodgment No. 3, People v. Rodriguez, No.

17  SD2004DA1094, order at 1 (Cal. Jan. 18, 2006) (en banc).)

18  Rodriguez did not file a petition for certiorari with the United

19  States Supreme Court.  (See Pet. 3, ECF No. 1.)

20  Nearly four years later, on November 2, 2009, Rodriguez filed

21  a petition for writ of habeas corpus in the San Diego Superior

22  Court, which was denied on December 22, 2009.  (Lodgment No. 5,

23  Rodriguez v. Adams, No. HC19765 (Cal. Super. Ct. filed Nov. 2,

24  2009) (petition for writ of habeas corpus at 1); Lodgment No. 6, In

25  re Rodriguez, No. HC19765, order denying petition at 1-2 (Cal.

26  Super. Ct. Dec. 22, 2009).)  Next, Rodriguez filed a habeas

27  petition in the California Court of Appeal, and it was denied on

28  February 25, 2010.  (Lodgment No. 7, Rodriguez v. Adams, No.

1  D056703 (petition for writ of habeas corpus at 1); Lodgment No. 8,

2  In re Rodriguez, No. D056703, slip op. at 2 (Cal. Ct. App. Feb. 25,

3  2010).)  On March 15, 2010, he filed a petition for habeas relief

4  in the California Supreme Court, which was denied on October 13,

5  2010.  (Lodgment No. 9, Rodriguez v. Adams, No. S181024 (petition

6  for writ of habeas corpus at 1); Lodgment No. 10, In re Rodriguez,

7  No. S181024, order denying petition at 1, (Cal. Oct. 13, 2010)

8  (citing In re Robbins, 18 Cal. 4th 770, 77 Cal. Rptr. 2d 153, 959

9  P.2d 311 (1998)).)  On December 22, 2010, Rodriguez filed his

10  Petition for Writ of Habeas Corpus in this Court [ECF No. 1].

11  ### III.   STANDARD OF REVIEW

12  Rodriguez is subject to the Antiterrorism and Effective Death

13  Penalty Act (AEDPA) of 1996 because he filed his Petition after

14  April 24, 1996.  28 U.S.C.A. § 2244 (West 2006); Woodford v.

15  Garceau, 538 U.S. 202, 204 (2003) (citing Lindh v. Murphy, 521 U.S.

16  320, 326 (1997)).  AEDPA sets forth the scope of review for federal

17  habeas corpus claims:

18  > The Supreme Court, a justice thereof, a circuit
19  > judge, or a district court shall entertain an
>    application for a writ of habeas corpus in behalf of a
>    person in custody pursuant to the judgment of a State
20  > court only on the ground that he is in custody in
>    violation of the Constitution or laws of the United
21  > States.

22  28 U.S.C.A. § 2254(a) (West 2006); see also Reed v. Farley, 512

23  U.S. 339, 347 (1994); Hernandez v. Ylst, 930 F.2d 714, 719 (9th

24  Cir. 1991).

25  To present a cognizable federal habeas corpus claim, a state

26  prisoner must allege his conviction was obtained in violation of

27  the Constitution or laws of the United States.  28 U.S.C.A §

28  2254(a).  In other words, a petitioner must allege the state court

1   violated his federal constitutional rights.  Hernandez, 930 F.2d at

2   719; Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990); Mannhald

3   v. Reed, 847 F.2d 576, 579 (9th Cir. 1988).

4       A federal district court does "not sit as a 'super' state

5   supreme court" with general supervisory authority over the proper

6   application of state law.  Smith v. McCotter, 786 F.2d 697, 700

7   (5th Cir. 1986); see also Lewis v. Jeffers, 497 U.S. 764, 780

8   (1990) (holding that federal habeas courts must respect state

9   court's application of state law); Jackson, 921 F.2d at 885

10  (concluding federal courts have no authority to review a state's

11  application of its law).  Federal courts may grant habeas relief

12  only to correct errors of federal constitutional magnitude.

13  Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989)

14  (stating that federal courts are not concerned with errors of state

15  law unless they rise to the level of a constitutional violation).

16      In 1996, Congress "worked substantial changes to the law of

17  habeas corpus."  Moore v. Calderon, 108 F.3d 261, 263 (9th Cir.

18  1997).  Amended section 2254(d) now reads:

19          An application for a writ of habeas corpus on
        behalf of a person in custody pursuant to the judgement
20      of a State court shall not be granted with respect to
        any claim that was adjudicated on the merits in State
21      court proceedings unless the adjudication of the claim
        --

22
            (1) resulted in a decision that was contrary to, or
23      involved an unreasonable application of, clearly
        established Federal law, as determined by the
24      Supreme Court of the United States; or

25          (2) resulted in a decision that was based on an
        unreasonable determination of the facts in light of
26      the evidence presented in the state court
        proceeding.
27

28   28 U.S.C.A § 2254(d).

                                6                   10cv02651 AJB(RBB)

The Supreme Court, in Lockyer v. Andrade, 538 U.S. 63 (2003), stated that "AEDPA does not require a federal habeas court to adopt any one methodology in deciding the only question that matters under section 2254(d)(1) -- whether a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law." Id. at 71 (citation omitted). A federal court is therefore not required to review the state court decision de novo, but may proceed directly to the reasonableness analysis under § 2254(d)(1). Id.

The "novelty" in § 2254(d)(1) is "the reference to 'Federal law, as determined by the Supreme Court of the United States.'" Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), rev'd on other grounds, 521 U.S. 320 (1997) (emphasis in original deleted). Section 2254(d)(1) "explicitly identifies only the Supreme Court as the font of 'clearly established' rules." (Id.) "[A] state court decision may not be overturned on habeas corpus review, for example, because of a conflict with Ninth Circuit-based law." Moore, 108 F.3d at 264. "[A] writ may issue only when the state court decision is 'contrary to, or involved an unreasonable application of,' an authoritative decision of the Supreme Court." Id. (citing Childress v. Johnson, 103 F.3d 1221, 1224-26 (5th Cir. 1997); Devin v. DeTella, 101 F.3d 1206, 1208 (7th Cir. 1996); see Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996)).

Furthermore, with respect to the factual findings of the trial court, AEDPA provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court, a determination of a

factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing e[v]

28 U.S.C.A. § 2254(e)(1).

## IV.   DISCUSSION

Rodriguez's claim is that the sentencing court erred in imposing an excessive restitution fine that he has "little chance of paying."  (Pet. 6, ECF No. 1.)  He argues that the fine violates his due process rights and the Eighth Amendment's prohibition against excessive fines, and also constitutes an erroneous application of the sentencing guidelines.  (Id. at 6, 13-14.)  The Petitioner maintains the sentencing court did not describe what information it relied on when ordering the fine.  (Id. at 12.)  Instead, the court merely stated it had reviewed the Probation Officer's Report which contained insufficient information for the court to conclude that Rodriguez would be able to pay the restitution.  (Id. at 12-13.)

Petitioner submits that the Probation Officer's Report shows that Rodriguez "reported no assets or future income."  (Id. at 13.)  Rodriguez further explains:

> At sentencing, petitioner could not have known that the California Department of Corrections and Rehabilitation (C.D.C.R.) made few or no paying jobs available to the majority of the inmate population, therefore the fines are based on the erroneous assumption that petitioner would be able to pay the fines out of his prison earnings while incarcerated.

(Id.)  Petitioner asserts that since he was incarcerated on July 21, 2004, he has not been assigned a prison job and has only paid $533.35 of the $3,926.84 restitution fine.  (Id.)  This amount was paid with money he received from family members.  (Id.)  As a result, Rodriguez maintains, "[The] [s]entencing court abused its

8

discretion when it impose[d] the restitution fines without considering petitioner's future ability to pay as require[d] by penal code § 1202.4(c)." (<u>Id.</u>)  The Petitioner believes that his future earning capacity in prison is limited, and because he has been sentenced to life without the possibility of parole, there is no evidence demonstrating that he would be capable of paying the imposed fined.  (<u>Id.</u>)

Rodriguez additionally argues that as a result of the state court's failure to consider the mandatory factors, the fine constitutes an unauthorized sentence and is correctable whenever it is brought to the Court's attention.  (<u>Id.</u> at 14.)

> Imposition of unauthorized sentence is [an] act which is in excess of [the] court's jurisdiction and may be [the] subject of later review even after affirmance of [a] judgment on direct appeal; [an] unauthorized sentence is not subject to harmless error, nor does it ripen into [a] sentence authorized by law with [the] passage of time.

(<u>Id.</u> at 13-14.)  Finally, the Petitioner appears to seek an evidentiary hearing assessing his financial status and ability to pay the restitution.  (<u>Id.</u>)

Respondent Cate moves to dismiss the Petition on two grounds, neither of which addresses the merits of Rodriguez's excessive fine claim.  (Mot. Dismiss Attach. #1 Mem. P. & A. 5-8, ECF No. 13; Supplement Mot. Dismiss 1-3, ECF No. 16.)  First, Respondent argues that the Petition is barred by the statute of limitations set forth in 28 U.S.C.A. § 2244(d).  (Mot. Dismiss Attach. #1 Mem. P. & A. 5, ECF No. 13.)  Cate contends that AEDPA's one-year statute of limitations commenced on April 19, 2006, but Rodriguez did not file his federal Petition until December 22, 2010.  (<u>Id.</u> at 6.)  Because

Rodriguez is not entitled to statutory or equitable tolling, the
Petition should be dismissed with prejudice.  (Id. at 5-8.)

Second, Cate asserts the Petitioner is procedurally barred
from bringing the excessive fine claim. (Supplement Mot. Dismiss
1-2, ECF No. 16.)  The claim Rodriguez raises in this Petition is
among those included in the state habeas corpus petition he filed
with the California Supreme Court on March 15, 2010, which was
denied as untimely.  (Id.)  In Walker, __ U.S. at __, 131 S. Ct. at
1120, the Supreme Court recently clarified that California's
timeliness requirement qualifies as an independent state ground
adequate to bar habeas corpus relief.  (Id.)  For this additional
reason, Cate argues that the claim Rodriguez raises in this
Petition is procedurally defaulted and should be dismissed with
prejudice.  (Id. at 2-3.)

In his Opposition, Rodriguez appears to argue that his
Petition should not be barred by the one-year statute of
limitations because the state court's imposition of excessive
restitution fines constitutes an illegal sentence, which can be
challenged at any time. (See Opp'n 7, ECF No. 18.)  Petitioner
asserts that the California timeliness rule should not procedurally
bar his claim because at the time Rodriguez filed his federal
Petition,  the Ninth Circuit did not recognize California's
timeliness rule as an adequate state ground to bar habeas relief.
(Id. at 5.)  Moreover, because two lower courts denied his state
habeas petition on the merits without mentioning the time bar, the
rule has been inconsistently applied and is therefore not an
adequate state ground.  (Id. at 6.)  Even if the bar is adequate
and independent, Rodriguez explains that he can establish cause and

1   prejudice, which saves his claim from being procedurally defaulted.

2   (Id. at 6.)

3        Even if Rodriguez's claim is not procedurally barred, an

4   excessive fines claim is not cognizable on federal habeas review

5   because it is unrelated to Petitioner's state custody.  Bailey v.

6   Hill, 599 F.3d 976, 981 (9th Cir. 2010).  A district court cannot

7   hear a habeas claim that challenges a restitution fine imposed by a

8   state court because an action under § 2254 can only attack the

9   denial of a constitutional right causing the petitioner to be "in

10  custody" or to have a longer sentence.  Id. ("[Section] 2254(a)

11  does not confer jurisdiction over a state prisoner's in-custody

12  challenge to a restitution order imposed as part of a criminal

13  sentence."); see United States v. Thiele, 314 F.3d 399, 400 (9th

14  Cir. 2002) (finding that challenging a restitution fine is not a

15  cognizable basis for habeas corpus relief because it does not

16  challenge the validity or duration of confinement); United States

17  v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (same).  In any

18  event, Respondent moves to dismiss the Petition for other reasons.

19  **A.   The One-Year Statute of Limitations**

20       Cate maintains that Rodriguez's Petition is barred by the one-

21  year statute of limitations set forth in § 2244(d).  (Mot. Dismiss

22  Attach. #1 Mem. P. & A. 5, ECF No. 13.)  The Respondent asserts

23  Petitioner's conviction became final on April 18, 2006, the end of

24  the ninety-day period following his conviction, which is the

25  expiration of time he had to petition for certiorari in the United

26  States Supreme Court.  (Id. at 5-6.)  The statute of limitations

27  typically commences the day the judgment becomes final, which was

28  April 18, 2006.  (Id. at 6.)  Because Rodriguez waited almost five

11

1   years to file his federal Petition, until December 22, 2010, Cate

2   argues that the Petition is both facially and legally untimely.

3   (Id.)  Rodriguez does not directly address this argument.  (See

4   generally Opp'n 1-8, ECF No. 18.)  He does, however, appear to

5   argue that his restitution award "constitutes an illegal sentence

6   and jurisdictional error," which is correctable at any time.  (Id.

7   at 7; see also Pet. 14, ECF No. 1.)

8        The statute of limitations for federal habeas corpus petitions

9   is set forth in AEDPA.  As amended, § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by
> the conclusion of direct review or the expiration of
> the time for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by State action in violation of
> the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing
> by such State action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the Supreme
> Court, if the right has been newly recognized by the
> Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> (D) the date on which the factual predicate of the
> claim or claims presented could have been discovered
> through the exercise of due diligence.

23  28 U.S.C.A. § 2244(d)(1).

24       Here, on October 5, 2005, the appellate court affirmed

25  Petitioner's conviction and sentence.  (Lodgment No. 1, People v.

26  Rodriguez, No. D044763, slip op. at 1, 19.)  Rodriguez then

27  petitioned the California Supreme Court for review, and the court

28  denied the petition on January 18, 2006.  (Lodgment No. 3, People

1  v. Rodriguez, No. SD2004DA1094, order.)  Rodriguez did not file a
2  petition for writ of certiorari with the United States Supreme
3  Court.

4       United States Supreme Court Rule 13 provides that a petition
5  for certiorari must be filed within ninety days of the entry of an
6  order denying discretionary review by the state supreme court.  See
7  S. Ct. R. 13.  When a habeas petitioner seeks direct review by the
8  state's highest court but does not file a petition with the United
9  States Supreme Court, the judgment becomes final when the
10 prisoner's time to petition the Supreme Court expires.  Bowen v.
11 Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

12      Rodriguez's judgment became final for the purposes of AEDPA on
13 April 18, 2006, ninety days after the California Supreme Court
14 denied his petition for review.  See id.; see also S. Ct. R. 13.
15 Pursuant to § 2244(d), the statute of limitations for federal
16 habeas corpus began to run on April 19, 2006, the day after the
17 judgment became final.  28 U.S.C.A. § 2244(d)(1)(A); see Corjasso
18 v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (explaining that the
19 one-year statute of limitations under AEDPA begins to run the day
20 after the conviction becomes final).  The statute of limitations
21 period would have expired on April 18, 2007.  See Patterson v.
22 Stewart, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (quoting Fed. R.
23 Civ. P. 6(a)) ("In computing any amount of time prescribed or
24 allowed . . . by any applicable statute, the day of the act, event,
25 or default from which the designated period of time runs shall not
26 be included.")  Rodriguez filed his federal Petition nearly three
27 and one-half years later, on December 22, 2010 [ECF No. 1].
28 Therefore, unless he is entitled to a later start date or to

1   sufficient statutory or equitable tolling, this action is barred by

2   AEDPA's statute of limitations.

3       Rodriguez argues that he can bring an illegal sentence claim

4   at any time.  (See Opp'n 7-8, ECF No. 18; see also Pet. 13-14, ECF

5   No. 1.)  Insofar as Rodriguez makes this assertion to oppose Cate's

6   statute of limitations defense, Rodriguez cites no case law to

7   support his argument.  Nevertheless, the law is to the contrary.

8   Courts routinely apply AEDPA's statute of limitations to claims

9   that a petitioner was given an illegal sentence.  See Murphy v.

10  Idaho, Case No. CV 07-230-C-MHW, 2008 U.S. Dist. LEXIS 52279, at

11  *3-10 (D. Idaho July 7, 2008); Pena v. Slaughter, No. CV 05-138-

12  BLG-RWA, 2006 U.S. Dist. LEXIS 48739, at *9 (D. Mont. May 12,

13  2006); see also United States v. Fiorillo, No. CR-94-427-JLQ, 2006

14  U. S. Dist. LEXIS 71332, at *7, 29-32 (N.D. Cal. Sept. 26, 2006)

15  (applying statute of limitations to § 2255 petition).  AEDPA

16  governs the statute of limitations inquiry.

17      **1.  Later Start Date**

18      Preemptively, Respondent argues that Rodriguez is not entitled

19  to a later start date for the running of the statute of

20  limitations.  (Mot. Dismiss Attach. #1 Mem. P. & A. 6-7, ECF No.

21  13.)  Cate submits that the statute began to run on April 19, 2006,

22  and it expired one year later on April 18, 2007.  (Id.); see 28

23  U.S.C.A. § 2244(d)(1)(A); see also id. § 2244(d)(1)(B)-(D).

24  Rodriguez does not address this argument in his Opposition.  (See

25  Opp'n 1-8, ECF No. 18.)

26      The one-year period of limitations runs from the latest of (1)

27  the date the judgment became final, (2) the date the impediment to

28  filing the application was removed, if the applicant was prevented

14

from filing the state action, (3) the date the constitutional right
asserted was initially recognized by the Supreme Court if the right
was newly recognized, or (4) the date the factual predicate of the
claim could have been discovered through due diligence.   28
U.S.C.A. § 2244(d)(1)(A)-(D).

Under subsection (A), the start date for the one-year
limitations period in Rodriguez's case was April 19, 2006, which is
the day after the judgment became final.   <u>Id.</u> § 2244(d)(1)(A); <u>see</u>
S. Ct. R. 13; <u>see also</u> <u>Corjasso</u>, 278 F.3d at 877; <u>Bowen</u>, 188 F.3d
at 1158-59.   A later start date would be appropriate if one of the
other subsections of the limitations statute, subsection (B), (C),
or (D), applies to his circumstances.   <u>See</u> 28 U.S.C. §
2244(d)(1)(B)-(D).   Because there is no justification for a later
start date, the limitations period began to run on April 19, 2006.
<u>Id.</u> § 2244(d)(1)(A).

**2.   Statutory Tolling**

The statute of limitations under AEDPA is tolled during
periods in which a petitioner is properly seeking collateral review
of a pending state court judgment.   28 U.S.C. § 2244(d) states,
"The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent
judgment or claim is pending shall not be counted toward any period
of limitation under this subsection."   28 U.S.C.A. § 2244(d)(2);
<u>see also</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 410 (2005).   "[A]n
application is 'properly filed' when its delivery and acceptance
are in compliance with the applicable laws and rules governing
filings."   <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (explaining that
typical filing requirements include all relevant time limits).

"When a postconviction petition is untimely under state law, 'that
[is] the end of the matter' for purposes of § 2244(d)(2)." <u>Pace</u>,
544 U.S. at 414 (quoting <u>Carey v. Saffold</u>, 536 U.S. 214, 226
(2002)); <u>see also</u> <u>Zepeda v. Walker</u>, 581 F.3d 1013, 1018 (9th Cir.
2009).

   The interval between the disposition of one state petition and
the filing of another may be tolled under "interval tolling."
<u>Carey</u>, 536 U.S. at 223.  "[T]he AEDPA statute of limitations is
tolled for 'all of the time during which a state prisoner is
attempting, through proper use of state court procedures, to
exhaust state court remedies with regard to a particular post-
conviction application.'" <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th
Cir. 1999) (quoting <u>Barnett v. Lamaster</u>, 167 F.3d 1321, 1323 (10th
Cir. 1999)); <u>see also</u> <u>Carey</u>, 536 U.S. at 219-22.  The statute of
limitations is tolled from the time a petitioner's first state
habeas petition is filed until state collateral review is
concluded, but it is not tolled before the first state collateral
challenge is filed.  <u>Thorson v. Palmer</u>, 479 F.3d 643, 646 (9th Cir.
2007) (citing <u>Nino</u>, 183 F.3d at 1006).

   Respondent argues that Petitioner is not entitled to statutory
tolling of the limitation period.  (Mot. Dismiss Attach. #1 Mem. P.
& A. 7, ECF No. 13.)  Cate notes that statutory tolling applies to
petitioners while they are seeking collateral relief, but Rodriguez
did not file his first state habeas petition until November 2,
2009.  (<u>Id.</u>)  Because this date is years after the expiration of
the one-year statute of limitations on April 18, 2007, Respondent
argues, there is no tolling effect.  (<u>Id.</u> (citing <u>Ferguson v.
Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003)).)  The Petitioner

1  does not address this argument in his Opposition.  (<u>See</u> Opp'n 1-8,

2  ECF No. 18.)

3       On November 2, 2009, approximately two and one-half years

4  beyond the expiration of the statute of limitations under §

5  2244(d), Rodriguez filed a petition for writ of habeas corpus in

6  the San Diego Superior Court.  (Lodgment No. 5, <u>Rodriguez v. Adams</u>,

7  No. HC19765  (petition for writ of habeas corpus at 1).  He

8  litigated his state petition through the California courts, and the

9  state supreme court denied his petition for habeas relief as

10 untimely on October 13, 2010.  (Lodgment No. 9, <u>Rodriguez v. Adams</u>,

11 No. S181024 (petition for writ of habeas corpus at 1); Lodgment No.

12 10, <u>In re Rodriguez</u>, No. S181024, order denying petition for writ

13 of habeas corpus at 1 (citing <u>In re Robbins</u>).)

14      A subsequently filed petition for state collateral relief

15 cannot revive an expired statute of limitations.  <u>Pace</u>, 544 U.S. at

16 417; <u>see also</u> <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001);

17 <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000).  The statute

18 of limitations for the Petitioner was not tolled for the period

19 between April 19, 2006, the date the limitations period commenced,

20 and November 2, 2009, the date his first state habeas petition was

21 filed.  <u>See</u> <u>Pace</u>, 544 U.S. at 417.  Because the limitations period

22 had already expired by November 2, 2009, statutory tolling does not

23 save Rodriguez's federal Petition.

24      **3.  Equitable Tolling**

25      Equitable tolling of the statute of limitations is appropriate

26 when "'extraordinary circumstances beyond a prisoner's control make

27 it impossible'" to file a timely petition.  <u>Spitsyn v. Moore</u>, 345

28 F.3d 796, 799 (9th Cir. 2003) (quoting <u>Brambles v. Duncan</u>, 330 F.3d

1   1197, 1202 (9th Cir. 2003)); see also Stillman v. LaMarque, 319

2   F.3d 1199, 1202 (9th Cir. 2003).  "[A] litigant seeking equitable

3   tolling bears the burden of establishing two elements:  (1) that he

4   has been pursuing his rights diligently, and (2) that some

5   extraordinary circumstance stood in his way." Pace, 544 U.S. at

6   418 (citations omitted); see also Lawrence v. Florida, 549 U.S.

7   327, 335 (2007); Rouse v. U.S. Dep't of State, 548 F.3d 871, 878-79

8   (9th Cir. 2008); Espinoza-Matthews v. California, 432 F.3d 1021,

9   1026 (9th Cir. 2005).

10      "'[T]he threshold necessary to trigger equitable tolling

11  [under AEDPA] is very high, lest the exceptions swallow the rule.'"

12  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting

13  United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000).

14  The failure to file a timely petition must be the result of

15  external forces, not the result of the petitioner's lack of

16  diligence.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

17  "Determining whether equitable tolling is warranted is a 'fact-

18  specific inquiry.'"  Spitsyn, 345 F.3d at 799 (quoting Frye v.

19  Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)).

20      Cate argues that Petitioner has not demonstrated that he is

21  entitled to equitable tolling.  (Mot. Dismiss Attach. #1 Mem. P. &

22  A. 7-8, ECF No. 13.)  Respondent claims that Rodriguez is unable to

23  show that he had been pursuing his rights diligently but some

24  extraordinary circumstance stood in his way.  (See id.)  Cate

25  insists that Petitioner offers no explanation for his delay.  (Id.

26  at 8.)  Without an explanation, Respondent explains, the only

27  justification for the delay is lack of diligence, which precludes

28  equitable tolling.  (Id.)

1   Rodriguez does not address this argument.  (See Opp'n 1-8, ECF
2   No. 18.)  He only responds to Respondent's claim that the Petition
3   should be dismissed because it is procedurally defaulted.  In the
4   absence of extraordinary circumstances beyond Petitioner's control,
5   there is no basis to equitably toll AEDPA's statute of limitations.
6   See Pace, 544 U.S. at 418.

7   Because Rodriguez is not entitled to a later start date,
8   statutory tolling, or equitable tolling, the district court should
9   **GRANT** Respondent's Motion to Dismiss the Petition as barred by
10  AEDPA's one-year statute of limitations.

11  **B.**   **Procedural Default Under California Law**

12  Respondent Cate sought leave to supplement the Motion to
13  Dismiss in light of the recent Supreme Court decision in Walker, __
14  U.S. __, 131 S. Ct. 1120.  (Ex Parte Appl. File Supplement Mot.
15  Dismiss 1, ECF No. 14.)  The Court granted the request, and
16  Respondent filed a Supplement to Motion to Dismiss, in which he
17  argues that Rodriguez's excessive fines claim is procedurally
18  defaulted.  (Order Granting Ex Parte Appl. File Supplement Mot. 1,
19  ECF No. 15; Supplement Mot. Dismiss 2-3, ECF No. 16.)

20  "A federal habeas court will not review a claim rejected by a
21  state court 'if the decision of [the state] court rests on a state
22  law ground that is independent of the federal question and adequate
23  to support the judgment.'"  Beard v. Kindler, 558 U.S. __, __, 130
24  S. Ct. 612, 614 (2009) (quoting Coleman v. Thompson, 501 U.S. 722,
25  729 (1991)).  A habeas petitioner who has failed to comply with a
26  state's procedural requirements for presenting federal claims has
27  deprived the state courts of an opportunity to address the claims.
28  Coleman, 501 U.S. at 732 (citing 28 U.S.C.A. § 2254(b); Engle v.

1  <u>Issac</u>, 456 U.S. 107, 125-26, n.28 (1982)).  "In order to constitute

2  adequate and independent grounds sufficient to support a finding of

3  procedural default, a state rule must be clear, consistently

4  applied, and well-established at the time of the petitioner's

5  purported default." <u>Wells v. Maass</u>, 28 F.3d 1005, 1010 (9th Cir.

6  1994) (citing <u>Ford v. Georgia</u>, 498 U.S. 411, 424 (1991)).

7      The respondent has the burden of pleading an adequate and

8  independent procedural bar as an affirmative defense in a habeas

9  case.  <u>See</u> <u>Bennett v. Mueller</u>, 322 F.3d 573, 585 (9th Cir. 2003).

10 The burden of proof shifts to the petitioner to place that defense

11 in issue; the burden then shifts back to the respondent to prove

12 the bar is applicable.  <u>See</u> <u>id.</u> at 586.  "Accordingly, absent

13 showings of 'cause' and 'prejudice,' federal habeas relief will be

14 unavailable when (1) 'a state court [has] declined to address a

15 prisoner's federal claims because the prisoner had failed to meet a

16 state procedural requirement,' and (2) 'the state judgment rests on

17 independent and adequate state procedural grounds.'" <u>Walker</u>, __

18 U.S. at __, 131 S. Ct. at 1127 (citations omitted) (alteration in

19 original).

20     Respondent argues that Rodriguez's Petition should be

21 dismissed because the claim is procedurally defaulted.  (Supplement

22 Mot. Dismiss 2, ECF No. 16.)  Respondent relies on a recent Supreme

23 Court case holding that California's timeliness requirement

24 constitutes an independent state ground adequate to bar federal

25 habeas corpus relief. (<u>Id.</u> (citing <u>Walker</u>, __ U.S. at __, 131 S.

26 Ct. at 1124, 1131).)  On March 15, 2010, Rodriguez filed a state

27 habeas petition with the California Supreme Court, and one of the

28 three claims raised was the same excessive fine claim Rodriguez

advances in this federal habeas Petition.  (<u>Id.</u> (citing Pet. 6, ECF
No. 1; Lodgment No. 9, <u>Rodriguez v. Adams</u>, No. S181024 (petition
for writ of habeas corpus at 1).  The state supreme court denied
the petition as untimely on October 13, 2010, citing <u>In re Robbins</u>.
(<u>Id.</u>)  Because the court dismissed that petition as untimely,
Respondent argues, <u>Walker</u> instructs that the claim Rodriguez has
raised in this federal Petition is procedurally defaulted and
subject to dismissal.  (Supplement Mot. Dismiss 2-3, ECF No. 16.)

    Petitioner counters that when he first started the habeas
corpus process, the rule in the Ninth Circuit was that California's
time bar was not independent and adequate.  (Opp'n 5-6, ECF No.
18.)  Rodriguez argues that the timeliness rule has been
inconsistently applied and therefore was not firmly established and
regularly followed.  (<u>Id.</u> at 6.)  Petitioner further claims that
even if the California time bar is an independent and adequate
state ground, his claim may still be reviewed in federal court
because he can establish the cause and prejudice exception to the
procedural default rule.  (<u>Id.</u> at 6-8.)

    **1.  Independence**

    A state procedural rule is independent when the "state law
basis for the decision [is] not . . . interwoven with federal law."
<u>La Crosse v. Kernan</u>, 244 F.3d 702, 704 (9th Cir. 2001) (footnote
omitted); <u>see</u> <u>Harris v. Reed</u>, 489 U.S. 255, 265 (1989).  A state
law basis is interwoven with federal law when "'the state has made
application of the procedural bar depend on an antecedent ruling on
federal law [such as] the determination of whether federal
constitutional error has been committed.'"  <u>Park v. California</u>, 202

1   F.3d 1146, 1152 (9th Cir. 2000) (quoting Ake v. Oklahoma, 470 U.S.

2   68, 75 (1985)).

3       In 1998, the California Supreme Court made it clear that

4   California's timeliness rule was independent of federal law.  See

5   Bennett, 322 F.3d at 581-83; see also Townsend v. Knowles, 562 F.3d

6   1200, 1206-07 (9th Cir. 2009), abrogated on other grounds by

7   Walker, __ U.S. at __, 131 S. Ct. at 1131.  Accordingly, when the

8   California State Supreme Court summarily denied Rodriguez's

9   petition in 2010, citing In re Robbins, it did so on an independent

10  procedural ground.

11      **2.  Adequacy**

12      "To qualify as an 'adequate' procedural ground, a state rule

13  must be 'firmly established and regularly followed.'"  Walker, __

14  U.S. at __, 131 S. Ct. at 1127-28 (quoting Kindler, 558 U.S. at __,

15  130 S. Ct. at 612) (footnote omitted); see Hanson v. Mahoney, 433

16  F.3d 1107, 1112-13 (9th Cir. 2006).  Prior to the Supreme Court's

17  decision in Walker, the California timeliness rule, although

18  independent, was not an adequate state ground to bar federal habeas

19  relief.  Townsend, 562 F.3d at 1208.  In light of Walker, the law

20  is clear that California's time bar is both adequate and

21  independent.

22      Walker is instructive.  There, the petitioner filed a federal

23  habeas corpus petition that was dismissed for failure to exhaust

24  state court remedies.  Walker, __ U.S. at __, 131 S. Ct. at 1126.

25  The petitioner then filed a state habeas petition in March 2002,

26  but because he gave no reason for his failure to assert the claims

27  until nearly five years after his conviction became final, the

28  California Supreme Court denied the petition in September 2002,

1 citing In re Robbins as one of the cases justifying the denial.

2 Id.  When the petitioner returned to federal court to pursue his

3 amended federal petition in light of his exhaustion, the district

4 court dismissed the claims on procedural default grounds.  Id. at

5 1126-27.  The Ninth Circuit vacated the dismissal and remanded the

6 case; the Supreme Court granted certiorari to determine the

7 "adequacy" of California's time bar and held that it was an

8 adequate and independent state ground sufficient to bar federal

9 habeas relief.  Id. at 1127.

10      Petitioner argues that Walker was decided after his state

11 petition was denied by the California Supreme Court and at a time

12 when the Ninth Circuit's rule was that the In re Robbins time bar

13 was not adequate.  (Opp'n 5-6, ECF No. 18.)  The Supreme Court held

14 that the timeliness requirement set forth in In re Robbins is both

15 an adequate and independent state law ground to support a

16 procedural default.  See Walker, __ U.S. at __, 131 S. Ct. at 1124,

17 1130-31.  Since then, the Ninth Circuit has applied Walker to

18 pending cases and held that "denial of habeas relief by the

19 California Supreme Court on the ground that the application for

20 relief was filed untimely was an independent and adequate state

21 procedural ground requiring denial of a subsequent habeas petition

22 in federal court . . . ."  Alvarez v. Wong, No. 09-15547, 2011 U.S.

23 App. LEXIS 6976, at *2 (9th Cir. Apr. 5, 2011); see Haynes v.

24 Haviland, No. 08-17755, 2011 U.S. App. LEXIS 11607, at *1-2 (9th

25 Cir. June 7, 2011) (same); see also Martinez v. McGrath, No. CIV S-

26 02-0159 KJM GGH P, 2011 U.S. Dist. LEXIS 23664, *8 (E.D. Cal. Mar.

27 9, 2011)(applying Walker).

28

10cv02651 AJB(RBB)

1    Rodriguez's conviction became final in April 2006, but he did
2    not file his state habeas petition in superior court until November
3    2009; the petition was not filed with the California Supreme Court
4    until March 2010, and it was denied in October 2010 with a citation
5    to In re Robbins.  The California courts signal that a habeas
6    petition is untimely by citing the controlling cases, such as In re
7    Clark, 5 Cal. 4th 750, 855 P.2d 729, 21 Cal. Rptr. 2d 509 (1993)
8    and In re Robbins.  See Walker, __ U.S. at __, 131 S. Ct. at 1124.
9    The three leading decisions outlining California's time bar are In
10   re Robbins, In re Gallego, 18 Cal. 4th 825, 959 P.2d 290, 77 Cal.
11   Rptr. 2d 132 (1998), and In re Clark.  See Walker, __ U.S. at __,
12   131 S. Ct. at 1125.  "Those decisions instruct habeas petitioners
13   to 'alleg[e] with specificity' the absence of substantial delay,
14   good cause for delay, or eligibility for one of four exceptions to
15   the time bar."  Id. at 1128 (citations omitted).

16   California courts were regularly applying the time bar long
17   before Rodriguez should have raised his excessive fines claim with
18   the California courts.  At the time Rodriguez filed his first
19   habeas petition in 2009 and the California Supreme Court denied a
20   subsequent petition in 2010, the timeliness rule had been
21   consistently applied by state courts.  See Martinez, 2011 U.S.
22   Dist. LEXIS 23664, at *9, 9 n.4 (construing Walker as finding the
23   timeliness bar an adequate and independent state ground since
24   2002).

25   As discussed previously, the petitioner in Walker filed a
26   habeas petition in the California Supreme Court in March 2002, and
27   it was denied in September 2002.  Walker, __ U.S. at __, 131 S. Ct.
28   at 1126.  The Supreme Court examined California's time bar in 2002

10cv02651 AJB(RBB)

and proximate years and concluded that as of that time, the rule was consistently applied.  Id., __ U.S. at __, 131 S. Ct. at 1131; see also Martinez, 2011 U.S. Dist. LEXIS 23664, at *11 (finding no change in the time bar from 2002 to 2004).  The timeliness rule was therefore both independent and adequate at the time of Petitioner's default.

Rodriguez additionally alleges that two of the California lower courts reached the merits of his claim without mentioning the timeliness rule, and it was not until his claim reached the California Supreme Court that the timeliness bar was invoked. (Opp'n 6, ECF No. 18.)  This does not prevent the application of an adequate and independent state bar.

A rule can be "firmly established" and "regularly followed" even if the proper exercise of discretion may allow consideration of a federal claim in some cases but not others.  Walker, __ U.S. at __, 131 S. Ct. at 1128 (citing Kindler, 558 U.S. at __, 130 S. Ct. at 612).  California's timeliness rule, although discretionary, undoubtedly satisfies the "firmly established" requirement.  Id. "Each year, the California Supreme Court summarily denies hundreds of habeas petitions by citing Clark and Robbins."  Id.  The procedural rule is adequate even though some state courts may have opted to bypass the timeliness assessment and dismiss a petition on the merits.  Id., __ U.S. at __, 131 S. Ct. at 1129.

Further, a discretionary state rule is not automatically disregarded due to inconsistencies in the rule's application.  Id. (footnote omitted); see also Kindler, __ U.S. __, 130 S. Ct. at 618 (holding that a discretionary state rule can serve as an adequate ground to bar federal habeas review if it is firmly established and

regularly followed).  In fact, "[d]iscretion enables a court to home in on case-specific considerations and to avoid the harsh results that sometimes attend consistent application of an unyielding rule." Walker, __ U.S. at __, 131 S. Ct. at 1130. Rodriguez does not argue, and the record does not suggest, that the California Supreme Court exercised its discretion in an unpredictable or unjust manner. See Walker, id.

Petitioner's excessive fines claim is procedurally barred, notwithstanding the fact that his claim was originally denied on the merits by two state courts.  See Johnson v. Cullen, No. 3-98-cv-4043-SI, 2011 U.S. Dist. LEXIS 58296, at *3-4, 10 (N.D. Cal. June 1, 2011) (relying on Walker when ruling that California's timeliness requirement was adequate as applied to a state habeas petition denied by the California Supreme Court in 2001); see also Walker, __ U.S. at __, 131 S. Ct. at 1126, 1131 (stating that the time bar is adequate as applied to a petition denied in 2002); Martinez, 2011 U.S. Dist. LEXIS 23664, at *11 (applying Walker to a habeas petition that was denied by the California Supreme Court in 2006 to conclude the claim was procedurally barred).  Accordingly, Rodriguez is procedurally barred from raising the excessive fine claim in federal court because the timeliness rule is an adequate and independent state doctrine.

### 3. Cause and Prejudice

A habeas petitioner who has failed to comply with a state rule must establish cause and prejudice in order to obtain habeas relief under federal law.  Review of a petitioner's claim is precluded unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or

26

demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." <u>Coleman</u>, 501 U.S. at 749-50 (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 485 (1986); <u>see also</u> <u>High v. Ignacio</u>, 408 F.3d 585, 590 (9th Cir. 2005). "[C]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." <u>Murray</u>, 477 U.S. at 492; <u>see</u> <u>McCleskey v. Zant</u>, 499 U.S. 467, 493 (1991) (discussing cause under abuse of writ doctrine); <u>see also</u> <u>Coleman</u>, 501 U.S. at 753.

Rodriguez argues that even if his excessive fine claim is procedurally barred, it should still be reviewed by the Court because he can demonstrate cause and prejudice. (Opp'n 6, ECF No. 18.) He maintains, "The timeliness bar should not [be] applied to petition[er] since the claim is regarding the imposition of an unauthorized Government code section 13967 fine[], which constitutes an illegal sentence and jurisdictional error, which can be brought to the Court's attention at any time." (<u>Id.</u> at 7.) Rodriguez submits that if the sentencing court had considered his ability to pay a restitution fine that exceeded the statutory minimum, and if the court reviewed Petitioner's probation report in which he disclosed that he had no assets, the judge "could have" determined that Rodriguez would be unable to pay the fine. (<u>Id.</u>) The Petitioner contends the violation was prejudicial and had a "likely effect upon the outcome of the sentence (restitution fines)." (<u>Id.</u>) He argues that an illegal sentence can be corrected whenever brought to the court's attention. (<u>Id.</u> at 8.)

To establish cause for the procedural default, Rodriguez must show that there was an external impediment that prevented him from

10cv02651 AJB(RBB)

raising the claim sooner.  <u>Murray</u>, 477 U.S. at 492; <u>see</u> <u>McCleskey</u>,
499 U.S. at 493.  Petitioner, however, provides no information
explaining the cause for the three and one-half-year delay between
the date his judgment became final and the date he filed his first
state court habeas corpus petition.  (<u>See</u> Opp'n 1-9, ECF No. 18;
<u>see also</u> Pet. 12-14, ECF No. 1.)  For this reason alone, Rodriguez
is unable to demonstrate that the cause and prejudice exception to
procedural default applies to his claim.

Nonetheless, Petitioner asserts that dismissing his claim
would constitute a "fundamental miscarriage of justice" because if
the sentencing court had considered the factors, it could have
found Rodriguez would not be able to pay.  (Opp'n 7, ECF No. 18.)
This argument is not compelling.

As of July 21, 2004, the date Rodriguez was sentenced,
California Penal Code section 1202.4 instructed courts to impose a
separate and additional restitution fine in every case where a
person is convicted of a crime, unless the court finds "compelling
and extraordinary" reasons not to.  Cal. Pen. Code § 1202.4(b)
(2004) (current version at Cal. Pen. Code § 1202.4(b) (2011)).  A
defendant's inability to pay cannot be deemed a compelling and
extraordinary reason to not impose restitution.  Cal. Pen. Code §
1202.4(c) (2004).  For felonies, the restitution fine cannot be
less than two hundred dollars and cannot be more than ten thousand
dollars; the exact amount is to be set at the court's discretion.
<u>Id.</u> § 1202.4(b)(1).

When setting the fine, courts should consider relevant
factors, such as the seriousness of the offense, the defendant's
ability to pay, and any persons' losses as the result of the crime,

among others.  Id. § 1202.4(d).  The statute provides, "Express findings by the court as to the factors bearing on the amount of the fine shall not be required."  Id.  Moreover, "[o]nly gross disproportionality will raise an Eighth Amendment excessive fines concern."  Heatley v. Tilton, No. 08cv0580-L(WMc), 2009 U.S. Dist. LEXIS 29142, at *45 (E.D. Cal. Apr. 7, 2009) (citing United States v. Bajakajian, 524 U.S. 321, 334-35 (1998)).  Under these standards, the Petitioner cannot establish prejudice.

Notably, the Supreme Court has reserved the miscarriage of justice exception for the "extraordinary case" where the petitioner can show that the constitutional error probably resulted in the conviction of one who was actually innocent.  Schlup v. Delo, 513 U.S. 298, 321 (1995).  Here, Rodriguez's claim is that the $3,926.84 portion of his restitution constitutes an excessive fine in violation of the Eighth Amendment.  (Pet. 13, ECF No. 1.)  The allegation that procedurally barring his claim would result in the miscarriage of justice is implausible, at best.  Petitioner has not satisfied the requirements to show the cause and prejudice exception should apply.  See Coleman, 501 U.S. at 750.

In light of the recent Supreme Court decision in Walker, the California timeliness rule constitutes an independent state ground adequate to bar habeas relief in federal court, and Rodriguez's Petition should be dismissed.  See Walker, __ U.S. at __, 131 S. Ct. at 1124, 1131.  Further, the cause and prejudice exception to procedural default is inapplicable to Petitioner's circumstances.  See Coleman, 501 U.S. at 750.  Accordingly, Respondent's Motion to Dismiss on this ground should be **GRANTED**.

C.   **Evidentiary Hearing**

In his Petition, Rodriguez briefly states that an evidentiary hearing "would be useful" to assess his present financial status and ability to pay the restitution fine.  (Pet. 1, 14, ECF No. 1.) The Petitioner does not present any facts that would warrant an evidentiary hearing.  See Insyxienqmay v. Morgan, 403 F.3d 657, 670 (9th Cir. 2005) (stating that the petitioner must demonstrate he failed to develop the factual basis of his claims in state court); Townsend v. Sain, 372 U.S. 293, 313 (1963) (requiring the petitioner to establish that one of the six factors applies to his case).  Accordingly, Rodriguez's request for an evidentiary hearing is **DENIED**.

                         **V.   CONCLUSION**

For the reasons set forth above, Rodriguez did not file his Petition for Writ of Habeas Corpus within AEDPA's one-year statute of limitations.  The Petitioner is not entitled to a later start date or tolling.  Additionally, Rodriguez is procedurally barred from brining his excessive fine claim, and he has not established that the cause and prejudice exception applies to his circumstances.  Moreover, Rodriguez's contention that an excessive fine has been imposed on him is not a claim that is subject to habeas corpus relief.  For all of these reasons, Respondent's Motion to Dismiss should be **GRANTED**.  Any request by Petitioner for an evidentiary hearing is **DENIED**.

This Report and Recommendation will be submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C.A. § 636(b)(1).  Any party may file written objections with the Court and serve a copy on all parties on or

1  before August 12, 2011.  The document should be captioned

2  "Objections to Report and Recommendation."  Any reply to the

3  objections shall be served and filed on or before August 26, 2011.

4  The parties are advised that failure to file objections within the

5  specified time may waive the right to appeal the district court's

6  order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

7

8  Dated:   July 18, 2011

   _____
   RUBEN B. BROOKS

9  United States Magistrate Judge

10  cc:  Judge Battaglia
        All parties of record

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28