UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL RODRIGUEZ, ) | Civil No. 3:10-cv-02651 AJB (RBB) |
| ) | |
| Plaintiff, ) | ORDER ADOPTING REPORT AND |
| v. ) | RECOMMENDATION; AND ORDER OF |
| ) | DISMISSAL |
| MATTHEW CATE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On December 22, 2010, Rodriguez filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. No. 1.) This matter was referred to Magistrate Judge Ruben Brooks for report and recommendation pursuant to 28 U.S.C. § 636. On February 22, 2011, Defendant Matthew Cate filed a Motion to Dismiss Rodriguez's Petition (Doc. No. 13), which Rodriguez opposed (Doc. No. 18). Judge Brooks issued his report and recommendation (the "R & R"), recommending that the Defendant's motion to dismiss be granted and Rodriguez's petition be dismissed. The R & R also permitted the parties to file objections to the R & R no later than August 12, 2011. On August 23, 2011, Rodriguez filed an Objection to Report and Recommendation (Doc. No. 22), nunc pro tunc to August 15, 2011, which the district court considered before issuing this order.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the

magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R & R to which specific written objection is made. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* When no objections are filed, the Court need not review de novo the Report and Recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005).

Rodriguez has specifically objected to the Magistrate Judge's finding that he lacked due diligence in complying with the one-year statute of limitations set forth in § 2244(d), which precludes equitable tolling. Petitioner has pointed to the fact that he is a pro se litigant who was denied timely access to the prison library in order to prepare his habeas corpus petition. However, as the Magistrate Judge pointed out, Petitioner was nearly *three and a half years late* in complying with the AEDPA's statute of limitations (R & R, p. 13), which is a substantial period of time after the statute has run and which increases Petitioner's burden of showing "extraordinary circumstances." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). (R & R, p.18.) Under the applicable standard of fact-specific inquiry as to whether equitable tolling is warranted, *Spitsyn*, 345 F.3d at 799 (quoting *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001)), Rodriguez has not reached "[the] very high threshold necessary to trigger equitable tolling under AEDPA" by arguing that he filed his habeas corpus petition three and a half years late because he was refused timely access to the prison library. *See Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). (R & R, p. 18.)

Rodriguez has also objected to the Magistrate Judge's finding that the California timeliness rule constitutes an independent state ground adequate to bar habeas relief in federal court. Rodriguez argued that the California timeliness rule was not clear, consistently applied, and well-established "at the time of the petitioner's purported default," citing *Ford v. Georgia*, 498 U.S. 411, 424 (1991) (Doc. No. 22). However, the Magistrate Judge disposed of this argument in his R & R as follows:

> California courts were regularly applying the time bar long before Rodriguez should have raised his excessive fines claim with the California courts. At the time Rodriguez filed his first habeas petition in 2009 and the California Supreme Court denied a subsequent petition in 2010, the timeliness rule had been consistently applied by state courts. *See*

*Martinez v. McGrath*, 2011 U.S. Dist. LEXIS 23664,*9, 9 n.4 (construing *Walker* as finding the timeliness bar an adequate and independent state ground since 2002). (R & R p. 24.)

Further, Rodriguez has argued that the Magistrate Judge ignored the fact that two of the California lower courts reached the merits of petitioner's claims without mentioning the timeliness rule, and under *Bennett v. Mueller*, 364 F.Supp.2d 1160 (C.D. Cal. 2005), he has met his interim burden of showing that the California Supreme Court inconsistently applied the timeliness rule in actual practice. (Doc. No. 22, p. 4). As the Magistrate Judge wrote, neither Rodriguez nor the record suggest that the California Supreme Court exercised its discretion in an unpredictable or unjust manner to warrant the conclusion that the timeliness rule is not "firmly established" and "regularly followed." (R & R, p. 25.)

Additionally, Rodriguez has objected to the Magistrate Judge's conclusion that the excessive fine imposed on him is not a claim for habeas corpus relief, and argued that the fine constitutes an illegal sentence amounting to plain error. The Magistrate Judge addressed this objection by stating, "Even if Rodriguez's claim is not procedurally barred, an excessive fines claim is not cognizable on federal habeas review because it is unrelated to Petitioner's state custody." *Bailey v. Hill*, 599 F.3d 976, 981 (9th Cir. 2010). (R & R, p. 11.)

Lastly, Petitioner's objection to his denial of evidentiary hearing is without merit because, as the R & R points out, Petitioner has not presented any facts that would warrant an evidentiary hearing regarding his financial status and ability to pay the restitution fine. (R & R, p. 30)

After reviewing the R & R, the Court finds it to be correct, and ADOPTS it in full. Defendant's motion to dismiss is GRANTED. This action is DISMISSED WITH PREJUDICE for failure to state a claim.

IT IS SO ORDERED.

DATED: October 5, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge